UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY M. CLAUDIO,

                      Plaintiff,

- against -

MATTITUCK-CUTCHOGUE UNION FREE
SCHOOL DISTRICT,

                      Defendant.
-----------------------------------------------------------------X

CV 09-5251

**DEFENDANT'S
PROPOSED JURY
<u>INSTRUCTIONS</u>**

      Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendant submits the within proposed instructions for presentation to the jury at the close of this case. The defendant respectfully requests that it be permitted to supplement or modify these proposed instructions as may be necessary or appropriate after submission of all evidence or during conference with this Court.

Dated: Smithtown, New York
       April 23, 2012                    Respectfully submitted,

                                       DEVITT SPELLMAN BARRETT, LLP

                                       By: _____/S/_____
                                            Jeltje DeJong (JD/4452)
                                            Attorneys for Defendant
                                            50 Route 111
                                            Smithtown, New York 11787
                                            (631) 724-8833

TO:    FRANK J. BLANGIARDO, ESQ. (FJB3300)
         BLANGIARDO & BLANGIARDO LAW OFFICES
         Attorneys for Plaintiff
         P.O. Box 1169
         Cutchogue, New York 11935
         (631) 734-1111

## **GENDER DISCRIMINATION (TITLE VII)**

Plaintiff claims that he was discriminated against based upon his gender in violation of Title VII of the Civil Rights Act of 1964 and based upon his age in violation of the Age Discrimination in Employment Act when the District denied him tenure.

**PROBATIONARY EMPLOYEES:** In this regard you should be aware that a school district in this state has an unfettered right to terminate the employment of a teacher during his probationary period, and therefore plaintiff, as a probationary teacher, may be discharged for any reason or no reason at all. However, he may not be discharged for a constitutionally impermissible purpose or in violation of the law. Strax v. Rockland County Board of Cooperative Services, 257 A.D.2d 578, 683 N.Y.S.2d 588 (2d Dep't. 1999); Witherspoon v. Horn, 19 A.D.3d 250, 800 N.Y.S.2d 377 (1st Dep't. 2005); Prestopnik v. Whelan, 2004 WL 1576727 (N.D.N.Y. 2004); Flood v. County of Suffolk, 820 F.Supp.709, 712-13 (E.D.N.Y. 1993).

## **TITLE VII**

Title VII of the Civil Rights Act of 1964 provides that it shall be an unlawful employment practice for an employer-

(1) to discharge any individual, or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice. A "motivating factor" is a factor that played a part in defendant's employment practice decision.

(Instruction 88-42)

You must find for plaintiff on his gender claim if the following are proved by a preponderance of the evidence:

    (1) he belongs to a protected class; and

    (2) he was qualified and satisfactorily performing his job; and

    (3) he was denied tenure under circumstances giving rise to an inference of discrimination.

You must find for the defendant school district if any of these elements has not been proved.

(Instruction 88-44)

**SAME DECISION MAKER:**

You may infer a lack of discriminatory intent if you find that a person who denied Plaintiff his tenure was also the person who hired him.

Grady v. Affiliated Century, Inc., 130 F.3d 553, 560 (2d Cir. 1997); Anderson v. Anheuser Busch, Inc., 65 F.Supp.2d 218, 229 (S.D.N.Y. 1999), *aff'd* 229 F.3d 1135 (2d Cir. 2000).

## **ADEA CLAIM**

The Age Discrimination in Employment Act ("ADEA"), provides in pertinent part:

(a) It shall be unlawful for an employer-

(1) To fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) To limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) To reduce the wage rate of any employee in order to comply with this chapter.

(Instruction 88-23, Federal Jury Instructions).

The prohibitions contained in the Age Discrimination in Employment Act make it unlawful for an employer to discriminate because of age against an individual who is 40 years old or older.

(Instruction 88-24, Federal Jury Instructions).

The purpose of the Age Discrimination in Employment Act is to promote the employment of older persons based on their ability and to prohibit arbitrary age discrimination in employment.

(Instruction 88-25, Federal Jury Instructions).

You must find for plaintiff on his age discrimination claims if the following are proved by a preponderance of the evidence:

(1) That the defendants took an adverse employment action against the plaintiff, specifically that plaintiff was denied tenure;

(2) That at the time the adverse action was taken, plaintiff was at least 40 years old; and

(3) That plaintiff's age was the "but for" cause of the employer's decision to deny him tenure, not merely a motivating factor.

In order to prove that plaintiff's age was the critical factor, plaintiff must show that, but for the consideration of his age, the defendant would not have taken the adverse action.

You must find for the defendant school district if any of these elements has not been proved.

(Instruction 88-26, Federal Jury Instruction; Instruction 88-26, Federal Jury Instruction; Gross v. FBL Fin. Servs., Inc., 129 S.Ct. 2343, 2350 (2009)).

**DAMAGES:**

EMOTIONAL:

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from the Defendants. If you decide that the Plaintiff is not entitled to recover, you need not consider damages. Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages.

If you decide that the Plaintiff is entitled to a verdict, an award of damages must be reasonable. You may award the Plaintiff only such damages as will reasonably compensate him for such injury. You are not permitted to award speculative damages. You are not to include in any verdict compensation for lost wages or prospective lost wages. This is because if you have found in favor of the plaintiff, the Court will determine the amount of compensation for lost wages at a later date. You are not to consider any damages for lost past or future wages.

If you decide that the plaintiff is entitled to an award of damages, you may consider emotional pain, suffering, inconvenience and mental anguish up until today.

NOMINAL:

If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages, then you must return an award of damages in sum of one dollar.